**TIFFANY & BOSCO**
P.A.
**2525 EAST CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-11241

THIS ORDER IS APPROVED.

Dated: May 24, 2010



JAMES M. MARLAR
Chief Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

IN RE:

David Russell Christensen and Stephanie Elizabeth Christensen
    Debtors.

Wells Fargo Bank, N.A.
    Movant,
  vs.

David Russell Christensen and Stephanie Elizabeth Christensen, Debtors, Gayle E. Mills, Trustee.
    Respondents.

No. 4:10-bk-03963-JMM

Chapter 7

ORDER

(Related to Docket #8)

    Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any, and no objection having been received, and good cause appearing therefore,

    IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed

by U.S. Bankruptcy Code 362(a) are hereby vacated as to Movant with respect to that certain real property which is the subject of a Deed of Trust dated March 7, 2006 and recorded in the office of the Pima County Recorder wherein Wells Fargo Bank, N.A. is the current beneficiary and David Russell Christensen and Stephanie Elizabeth Christensen have an interest in, further described as:

> LOT 226, OF TRES PUEBLOS, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF PIMA COUNTY, ARIZONA, RECORDED IN BOOK 60 OF MAPS, PAGE 1.

IT IS FURTHER ORDERED that Movant may contact the Debtor(s) by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter to which the Debtor may convert.